IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DAVID M. WILLIAMS, | : |
| Petitioner, | : |
| v. | : Civ. A. No. 20-13-CFC |
| ROBERT MAY, Warden,[1] and ATTORNEY GENERAL OF THE STATE OF DELAWARE, | : |
| Respondents. | : |

## MEMORANDUM

### I. BACKGROUND

In October 1998, a grand jury returned a superseding indictment (consolidating three indictments) charging Petitioner David M. Williams with fourteen offenses. Four of the counts stemmed from Petitioner's arrest on March 25, 1998 for attempting to burglarize a residence in Wilmington, Delaware: two counts of attempted second degree burglary, one count of possession of burglar's tools, and one count of criminal mischief. On June 24, 1999, the Superior Court severed those four charges from the remaining charges; it then presided over a two-day jury trial of those four charges. The jury, however, was unable to reach a unanimous verdict, and Petitioner was retried in August 1999. Petitioner represented himself during the second trial, and the Superior Court appointed stand-by counsel. The jury convicted Petitioner of all four offenses. *See*

---

[1]Warden Robert May replaced former Warden Dana Metzger, an original party to the case. *See* Fed. R. Civ. P. 25(d).

*State v. Williams*, 2000 WL 33726917, at *1 (Del. Super. Ct. Jul. 14, 2000). Sentencing was set for October 8, 1999, and the State filed a motion to have Petitioner sentenced as a habitual offender for the two counts of attempted second degree burglary. *See id.* at *4; *Williams v. State*, 966 A.2d 349 (Table), 2009 WL 234637, at *1 (Del. Feb. 2, 2009).

On October 7, 1999, Petitioner pled guilty to two of the remaining charges contained in the superseding indictment – forgery in the second degree and attempted escape in the third degree – in addition to a new charge of attempted third degree escape. *See Williams v. State*, 856 A.2d 1067 (Table), 2004 WL 1874693, at *1 (Del. Aug. 13, 2004); *Williams v. State*, 911 A.2d 804 (Table), 2006 WL 3053265, at *1 n.3 (Del. Oct. 27, 2006); (D.I. 14 at 2 in *Williams v. State*, Civ. A. No. 5-386-GMS).

On October 8, 1999, the Superior Court declared Petitioner to be an habitual offender for the attempted burglary convictions and sentenced Petitioner, in all of his cases, to a total of twenty-seven years at Level V, suspended after twenty-six years for one year at Level IV followed by probation. *See Williams v. Snyder*, 2003 WL 22480168, at *1 (D. Del. Oct. 27, 2003); *Williams*, 2004 WL 1874693, at *1 (Del. Aug. 13, 2004); *Williams v. State*, 966 A.2d 349 (Table), 2009 WL 234627, at *1 (Del. Feb. 2, 2009). Petitioner appealed his convictions and sentences, and the Delaware Supreme Court affirmed the Superior Court's judgment. *See Williams*, 2003 WL 22480168, at *1.

In 2001, Petitioner filed his first § 2254 petition challenging his 1999 convictions, which the Honorable Gregory M. Sleet denied as procedurally barred. *See Williams*, 2003 WL 22480168, at *7. In 2005, Petitioner filed a second habeas petition

2

challenging his 1999 convictions as well as an alleged violation of probation charge. Judge Sleet denied the repetitive claims regarding Petitioner's 1999 convictions as second or successive, and denied the claim concerning a violation of probation as lacking in factual support. See Williams v. Carroll, 2006 WL 2949303 (D. Del. Oct. 17, 2006). Thereafter, Petitioner filed three more federal habeas petitions – in 2009, 2012, and 2014 – all of which were denied as second or successive. See Williams v. Phelps, Civ. A. No. 9-570-GMS, Order (D. Del. Nov. 16, 2009); Williams v. Phelps, Civ. A. No. 12-1647-GMS, Mem. & Order (D. Del. July 31, 2013); Williams v. Pierce, Civ. A. No. 14-1065-GMS, Mem. & Order (D. Del. Dec. 29, 2017).

Sometime around November 2017, Petitioner filed in the Delaware Superior Court a "Request for a Certificate of Eligibility to File Under 11 Del. Code § 4214(f) and Del. Super. Ct. Spec. R. 2017-1(d)" (hereinafter referred to as "request for sentence review"). (D.I. 3 at 4; D.I. 3-2 at 1-3); see also State v. Williams, 2018 WL 2938313, at *1-2 (Del. Super. Ct. June 8, 2018). In the request for sentence review, Petitioner sought permission to file a petition asking the Superior Court to exercise its jurisdiction to modify his sentence under the recently enacted 11 Del. C. § 4214(f).[2] See Williams, 2018 WL 2938313 at *1- 2. The Superior Court denied the request for sentence review on June 8, 2018. See Williams, 2018 WL 2938313, at *3. In August 2018, Petitioner filed a Rule 61 motion challenging the Superior Court's denial of his request for

---

[2]Section 4214(f) "permits a defendant sentenced as a habitual criminal before July 19, 2016 'to a minimum sentence of not less than the statutory maximum penalty for a violent felony pursuant to subsection (a) of this section' to petition the Superior Court for sentence modification after the defendant has 'served a sentence of incarceration equal to any applicable mandatory sentence otherwise required by this section or the statutes describing said offense . . . .'" Williams, 2018 WL 2938313, at *1.

3

sentence review. *See State v. Williams*, 2019 WL 1558580, at *2 (Del. Super. Ct. Apr. 8, 2019). The Superior Court denied the Rule 61 motion on April 30, 2019. *See State v. Williams*, 2019 WL 1983407, at *1 (Del. Super. Ct. Apr. 30, 2019). Sometime after April 2019, Petitioner filed a Rule 35 motion challenging his sentence under 11 Del. Code § 4217(b). *See Williams v. State*, 2021 WL 4272908, at *1 (Del. Sept. 20, 2021). The Superior Court construed the motion as seeking a reduction of sentence under Rule 35(b), and denied it as time barred, duplicative, and procedurally defective. *See id.* Petitioner appealed. In September 2021, the Delaware Supreme Court affirmed the Superior Court's decision and also held that, to the extent Petitioner was seeking correction of an illegal sentence under Rule 35(a), Petitioner failed to establish that his sentence was illegal. *See id.*

Meanwhile, in June 2018, Petitioner filed in this Court a sixth petition for writ of habeas corpus ("2018 petition") asserting six grounds for relief. (*See* D.I. 3 in *Williams v. Metzger*, Civ. A. No. 18-922-CFC) Claim One alleged that Petitioner's conviction and/or sentence for escape should be withdrawn and also that his discretionary sentences should be reduced by applying earned good-time credits. (*See* D.I. 3 in *Williams*, Civ. A. No. 18-922-CFC) Claims Two, Three, Four and Six alleged ineffective assistance of counsel, and Claim Five alleged that the Superior Court erred in denying Petitioner's request for sentence review under 11 Del. Code § 4217. (*See id.*) In January 2019, the Court dismissed Claims One, Two, Three, Four, and Six without prejudice for being unexhausted, and dismissed Claim Five for failing to assert an issue cognizable on federal habeas review. (*See* D.I. 5 in Williams, Civ. A. No. 18-922-CFC)

4

In January 2020, while his appeal from the Superior Court's denial of his Rule 35 motion was pending before the Delaware Supreme Court, Petitioner filed in this Court a seventh habeas petition (hereinafter referred to as "Original 2020 Petition"), which triggered the opening of the instant case. (D.I. 3) The Court issued an order directing Petitioner to show cause why the Original 2020 Petition should not be summarily dismissed for failure to exhaust state remedies. (D.I. 5)

Petitioner did not file any document directly responding to the Court's show cause order. Instead, in August 2021, Petitioner filed in this Court a new habeas petition (his eighth), which triggered the opening of a new habeas case: *Williams v. State*, Civ. A. No. 21-1134-CFC. (*See* D.I. in *Williams*, Civ. A. No. 21-1134-CFC ) The 2021 petition asserted one claim for relief challenging Petitioner's 1999 sentence, namely, that the Superior Court erroneously refused to award him presentence credit for the 192 days he served in custody from April 1, 1999 to October 8, 1999. (D.I. 6 at 5) Petitioner also filed in the new 2021 habeas case a copy of a February 5, 2020 decision by the Superior Court denying two motions he had filed challenging his sentence: (1) one motion sought credit for time previously served from April 1, 1999 to October 8, 1999; and (2) one motion sought a correction of sentence under 11 Del. Code § 4217A. (D.I. 7 at 5) After reviewing the filings in Petitioner's 2021 habeas case in conjunction with the filings in the instant proceeding, the Court construed Petitioner's filings in his 2021 habeas case as an attempt to demonstrate that he had exhausted state remedies for at least one of the claims raised in his Original 2020 Petition. Therefore, the Court ordered the Clerk to administratively close the new 2021 habeas proceeding and to file

5

the new 2021 petition and related filings in the instant habeas proceeding, hereinafter referred to as "Amended Petition." (*See* D.I. 6; D.I. 6-1; D.I. 7)

## II. LEGAL STANDARDS

A federal district court may summarily dismiss a habeas petition "if it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief." Rule 4, 28 U.S.C. foll. § 2254. A district court can entertain a habeas petition "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States," and only if the relief sought is either immediate release or speedier release. *See Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). It is well-settled that a district court engaging in federal habeas review must accept a state supreme court's interpretation of state law,[3] and claims asserting a violation of a state law, or challenging a state court's interpretation of state law, do not present cognizable issues for the purpose of federal habeas review. *Swarthout v. Cooke*, 562 U.S. 216, 219 (2011); *Estelle v. McGuire*, 502 U.S. 62, 67–8 (1991). For instance, a state prisoner's right to credit for time served before sentencing is a matter of state law. *See Hoover v. Snyder*, 904 F. Supp. 232, 234 (D.Del.1995); *Hardy v. Luzerne County*, 2007 WL 2253463, at *1–2 (M.D. Pa. Aug.3, 2007). Additionally, the "federal role in reviewing in an application for habeas corpus is limited to evaluating what occurred in the state or federal proceedings that actually led to the petitioner's conviction; what occurred in the

---

[3]*See Bradshaw v. Richey*, 546 U.S. 74, 76 (2005).

6

petitioner's **collateral** proceeding does not enter into the habeas calculation." *Hassine v. Zimmerman*, 160 F.3d 941, 954 (3d Cir. 1998) (emphasis in original).

### III. DISCUSSION

Together, Petitioner's Original 2020 Petition (Claims One through Six)[4] and Amended Petition (Claim Seven) present the following grounds for relief: (1) the Superior Court erred in denying his request to reduce his discretionary sentences via the application of earned good-time credits and in denying his request to withdraw/reduce his escape sentence because the escape statute was repealed (D.I. 3 at 5); (2) the Delaware public defender assigned to his case provided ineffective assistance and/or operated under a conflict of interest by refusing to file a request for sentence modification/reduction based on the repealed escape statute issue (D.I. 3 at 7); (3) the Delaware public defender assigned to his case provided ineffective assistance and/or operated under a conflict of interest by filing the "wrong 4214" on his case (D.I. 3 at 8-9); (4) the Delaware public defender assigned to his case provided ineffective assistance and/or operated under a conflict of interest by filing a response to the Superior Court with the wrong inmate's name on it (D.I. 3 at 10); (5) the Delaware Superior Court erred in denying his request for sentence review (D.I. 3 at 4); (6) the public defender assigned to his case provided ineffective assistance during the request

---

[4]The Original 2020 Petition actually only identifies four specific claims for relief. However, based on Petitioner's statements in the paragraph concerning the timeliness of the petition, the Court discerns two additional separate claims being alleged – Claims Five and Six. (D.I. 3 at 13 ¶18)

7

for sentence review proceeding (D.I. 3 at 13-14); and (7) the Superior Court erroneously refused to award him presentence credit for the 192 days he served in custody from April 1, 1999 to October 8, 1999 (D.I. 6 at 5).

As an initial matter, the Court notes that Petitioner has not answered the show cause order directing him to demonstrate if he has exhausted state remedies for Claims One, Two, Three, Four and Six. Therefore, the Court will dismiss Claims One, Two, Three, Four and Six without prejudice for being unexhausted.

The remaining two grounds for relief – Claims Five and Seven – are not cognizable habeas claims. Claim Five challenges the Superior Court's June 8, 2018 denial of Petitioner's request for sentence review, during which Petitioner asked the Superior Court to modify his habitual offender sentences under the newly enacted 11 Del. C. § 4214(f). After interpreting and applying Delaware precedent, the Superior Court concluded that Petitioner was not eligible for a sentence review under § 4214(f) because Petitioner "did not receive a minimum sentence of not less than the statutory maximum penalty for the violent felony." *See State v. Williams*, 2018 WL 2938313, at *2 (Del. Super. Ct. June 8, 2018). Claim Five merely asserts an error of state law because it challenges the Superior Court's interpretation and application of Delaware state law without implicating the Constitution or laws or treaties of the United States. Additionally, Petitioner's request for sentence review was filed pursuant to Delaware Superior Court Rule 2017-1, which constitutes a collateral proceeding because such a request is presented as a motion for modification of sentence. *See* Del. Super. Ct.

Spec. R. 2017-1(d)(1) ("An application under this rule shall be made by a petition for sentence modification.")

Claim Seven challenges the Superior Court's refusal to award Petitioner presentence credit for the 192 days he served in custody from April 1, 1999 to October 8, 1999. (D.I. 6 at 5) The Superior Court denied Petitioner's request to be credited for the 192-day period after explaining that Petitioner had been provided all the credit to which he is entitled because the effective date of his sentence was April 1, 1999, and not October 8, 1999. (D.I. 7 at 5) In this proceeding, Petitioner does not assert any discernible argument as to why the Superior Court erroneously relied on the effective date of his sentence when determining that he has been awarded the correct amount of credit. Instead, Petitioner cites Delaware Department of Correction Policy 7.2[5] and contends that he should be credited "day for day" for the 192 days he served prior to his October 8, 1999 sentencing because that time period "isn't subject to the statutory good time law." (D.I. 5 at 2; D.I. 7 at 2) Distilled to its core, Claim Seven challenges the manner in which the Superior Court calculated any presentence credit due to Petitioner, but does not challenge the legality of Petitioner's conviction or allege that Petitioner has suffered an unconstitutional deprivation of credit.[6] (D.I. 7 at 3)

---

[5]See https:/ / doc.delaware.gov / assets/documents/policies/policy_7-2.pdf.

[6]Although there "is no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence," *Greenholtz v. Inmates of Nebraska Penal & Corr. Complex*, 442 U.S. 1, 7 (1979), a claim alleging an unconstitutional deprivation of credit against a term of imprisonment does assert an issue cognizable on federal habeas review. *See Preiser v. Rodriguez*, 411 U.S. 475, 487 (1973).

9

Based on the foregoing, the Court will dismiss Claims Five and Seven for failing to assert issues cognizable on federal habeas review.

## IV. CONCLUSION

For the reasons set forth above, the Court will summarily dismiss the Original 2020 Petition and the Amended Petition. Claims One, Two, Three, Four, and Six will be dismissed without prejudice because they are unexhausted. Claims Five and Seven will be dismissed with prejudice because they fail to assert issues cognizable on federal habeas review.

The Court will also decline to issue a certificate of appealability because Petitioner has failed to make a "substantial showing of the denial of a constitutional right." See 28 U.S.C. § 2253(c)(2); 3d Cir. L.A.R. 22.2 (2011); United States v. Eyer, 113 F.3d 470 (3d Cir. 1997). A separate Order will be entered.

Dated: January 18, 2020

Colm F. Connolly
Chief Judge

10